UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

    POONAM KESWANI                                      Chapter 7
    a/k/a "PARIS KESWANI"
    a/k/a "PARIS POONAM KESWANI",
                                                      Case No. 20-10315-JLG

Debtor.

-----------------------------------------------------------------x

TREASURES LONDON LIMITED and
HARJIT SINGH ATHWAL

              Plaintiffs,                              Adv. P. No. 20-01084-JLG

    v.

POONAM KESWANI
a/k/a "PARIS KESWANI"
a/k/a "PARIS POONAM KESWANI"

              Defendant.

-----------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER

On April 1, 2021, the Court conducted a hearing (the "Hearing") on the *Plaintiffs' Motion For Judgment By Default Against Poonam Keswani a/k/a Paris Keswani a/k/a Paris Poonam Keswani* (the "Motion) [ECF No. 22][1] in this adversary proceeding. Poonam Keswani (the "Debtor") failed to respond to the Motion or to appear at the Hearing. At the close of the Hearing, the Court issued a minute order adjourning the Hearing to May 4, 2021 at 10:00 a.m. (ET), and permitting additional briefing by the parties (the "Minute Order") [ECF No. 25]. On or about April 9, 2021, the Clerk's Office caused a copy of the Minute Order to be mailed to the

---

[1] Citations to " ECF No. _" refer to documents filed of record in this adversary proceeding (Adv. Pro. 20-01084).

*pro se* Debtor at the address set forth in the Debtor's chapter 7 bankruptcy petition: 50 Riverside Blvd., Apartment 10N, New York, NY 10069-0242 (the "Petition Address") [ECF No. 26]. On or about April 13, 2021, the Debtor informally notified Chambers by telephone that her mailing address is now 610 Fifth Avenue, Unit 5314, New York, NY 10185 (the "New Address"). Thereafter, the Clerk's Office added that address to its database.

On or about April 19, 2021, the Court received a copy of the Minute Order from the Debtor containing the hand written notation "REJECTED" on the face of the order. [ECF No.28] The Court understands that the Debtor contends that notice of the Minute Order to her is defective because the Minute Order was not mailed to her at the New Address. The Court finds no merit to that assertion. Rule 4002(a)(5) of the Federal Rules of Bankruptcy Procedure states that "[i]n addition to the duties prescribed by the [Bankruptcy] Code and rules, the debtor shall . . . file a statement of any change of the debtor's address." Strict adherence to the rule is required because "Trustees, the court, and others, must be able to rely on the information included within the docket." *In re Denman*, 565 B.R. 401, 403 (Bankr. W.D. Mich. 2017). The Court mailed the Minute Order to the Debtor at the Petition Address. Until such time as the Debtor complies with Rule 4005(a)(5), the Court and parties in interest are permitted to rely on the Petition as accurately reflecting the Debtor's address. *Id.* ("Although it would not be surprising to learn that the addresses where the Plaintiff served the Defendant were stale, the court should not speculate or conclude that service on a debtor at the address on the court's own records is defective.").

The Clerk's Office properly relied on the Petition Address as the Debtor's mailing address when it mailed the Minute Order to the Debtor. The Court shall proceed with the Hearing on the Motion on May 4, 2021 at 10:00 a.m. (ET) and adheres to the schedule set forth in the order.

Dated: New York, New York
      April 20, 2021

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge